334          ZIRKEL v. JOLIET OPERA HOUSE CO.     [Sept. T.

Opinion of the Court.

## FERDINAND ZIRKEL

*v.*

## THE JOLIET OPERA HOUSE COMPANY.

1. PLEA *of release from subscription—averment as to consideration.* A plea by a subscriber to the stock of an incorporated company, that he had been released from his liability on his subscription by a resolution of the board of directors of the company, without averring that there was a consideration to support the resolution relied on as a release, is fatally defective.

2. RELEASE *from subscription to stock of corporation—power of the company.* In a suit against a subscriber to the stock of an incorporated opera house company, a plea that he had been released by a resolution of the board of directors, before the work on the building commenced, without an averment that the company, at the time of the alleged release, was not in debt, was held to be bad, as the corporation could not make such release to the injury of its creditors.

3. SAME—*special plea presenting no material issue not made by general issue.* Where the general issue is interposed, which traverses every material allegation in the declaration, and a special plea, which presents no material issue not made by the general issue, and a demurrer to the special plea is sustained, this court will not reverse the judgment because the case was not tried on the special plea presenting precisely the same issue that was made by the declaration and general issue.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. G. D. A. PARKS, for the appellant.

Mr. R. E. BARBER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The corporation of the Joliet Opera House Company was organized by subscription for shares in the stock. Appellant became a subscriber for ten shares, of $100 each, payable in instalments, of not more than 20 per cent, as the work should progress, within 20 days after called for by the proper officers. The declaration contains an averment that the opera house

was built, and the required calls were made, and the sub-
scription remained due and unpaid.   The general issue was
filed, and a plea that the corporation released and discharged
the defendant from his liability on the subscription, by reso-
lution of the board of directors, before the commencement
of the work on the building; also, that, after the release, no
calls were made on defendant for the successive instalments
of his subscription.

To this plea a demurrer was filed, which was sustained by
the court, and defendant abided by his plea.   By consent of
the parties, a jury was waived, and a trial had by the court,
and, after hearing the evidence, the court found for the
plaintiff, and rendered a judgment against defendant for
$1000, and he appeals.

It is urged, as a ground of reversal, that the court erred in
sustaining the demurrer to the second of defendant's pleas.
The first question presented is, whether the plea showed a
valid release.   The majority of the court think it is fatally
defective in not averring that there was a consideration to
support the resolution called the release.   Had it been under
seal, it would have imported a consideration, according to the
doctrine of the books; but this is simply a resolution spread
on the record of the proceedings of the directors of the com-
pany.   The resolution, as it is recited, does not show or refer
to any consideration to sustain the release, nor is any consid-
eration averred.   Without a consideration, expressed, or im-
plied from a seal to the instrument relied on as a release, the
party will not be discharged.   This is a rule that pervades
the law, and is familiar to the entire profession, and requires
the citation of no authority in its support.   The plea was
vicious for this reason.

Again, counsel for appellant concedes that the directors
have no power to release subscribers from the payment of
their stock, where it would operate to the injury of creditors
of the company.   If this be true, the majority of the court
think the plea is vicious in another respect.   It contains no

averment that the company was not indebted. For aught that appears, it may have owed, at the time the resolution was adopted, the full amount of the stock subscribed, and that the same was necessary to meet the indebtedness. It is true, the plea avers the resolution was adopted before the commencement of the work on the building. For anything averred, the contracts for the completion of the building may have been entered into and executed, rendering the company liable to pay every dollar of the stock subscribed, and all of the property they held. A pleading is always taken most strongly against the pleader, and where he relies on a defense, he must show it to be valid and legal. This plea, according to the rule contended for by appellant, should have averred that there were no such liabilities of the company.

It is said that the plea also contained an averment that the instalments of appellant's subscription were not called for by the directors. It is a sufficient answer to say that the declaration averred that the calls were made, and this averment and all others material to a recovery were traversed by the general issue. That and the other material matters traversed were tried by the court, and the legal presumption is, that the evidence established the calls, or the court would have found for the defendant. If this is true, and we must presume it is, then substantial justice has been done; appellant has suffered no wrong, and we can not reverse because the case was not tried on a plea presenting precisely the same issue that was made by the declaration and the plea of the general issue. To so hold, would be to permit mere formal technicalities to obstruct and delay the administration of justice, when no beneficial end would be subserved.

We perceive no error for which the judgment of the court below should be reversed, and it must be affirmed.

*Judgment affirmed.*