## JAMES H. SMITH *et al.*

### *v.*

## JOHN D. McLEAN *et al.*

*Filed at Ottawa November 11, 1887.*

1. LANDLORD AND TENANT—*destruction of building—continued liability of tenant to pay rent.* Where one leases land upon which there is a building, and the building is destroyed by fire, without the fault of either party, in the absence of a covenant in the lease compelling the landlord to rebuild, such destruction of the building will not terminate the lease, or relieve the tenant from his obligation to pay rent for the remainder of the term.

2. SAME—*premises damaged by fire—liability of tenant for rent—duty of landlord to repair—a lease construed.* Where leased buildings or rooms are not destroyed by fire, but are damaged, only, and remain so that the tenant may still occupy them, and repair and restore them to their former condition, if he will, he will not be discharged from the rent.

3. A lease of certain rooms stipulated that in case the premises should be damaged by fire no rent should be paid while they were unfit for occupancy, and provided that the lessees should deliver up the premises at the

end of the term in as good condition as when received, loss by fire, etc., excepted: *Held,* that in case of damage by fire the premises were to be repaired by the landlord, and that such damage would not terminate the lease, but would merely stop the rent while the premises remained unfit for occupancy. In such case the landlord would have the right to enter to make the repairs, but that such repairs would have to be made within a reasonable time, after which the tenant would have to pay the rent.

4. ERROR WILL NOT ALWAYS REVERSE—*special plea held bad, when the same matters are admissible under other pleas.* This court will not consider the propriety of sustaining a demurrer to a special plea, where the same evidence admissible under such a plea is admissible under other pleas upon which issue was taken.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This is covenant, upon the following instrument:

"This indenture, made this 18th day of February, in the year of our Lord, 1884, between John D. McLean and Jacob Retterer, of Chicago, Illinois, party of the first part, for themselves, their heirs, executors, administrators and assigns, and James H. Smith, of Quincy, Illinois, and Thomas W. Pattison, of Chicago, Illinois, party of the second part, for themselves, their heirs, executors and administrators:

"Witnesseth, that the said party of the first part, for and in consideration of the covenants and agreements hereinafter mentioned, to be kept and performed by the said party of the second part, their heirs, executors and administrators, has demised and leased to the said party of the second part all those premises situate, lying and being in the city of Chicago, in the county of Cook, and State of Illinois, known and described as follows, to-wit: The third floor of building Nos. 83 and 85 Wabash avenue, also sixty-five feet by fifteen feet (65x15) in basement of said building; to have and to hold the above described premises unto the said party of the second part, their heirs, executors and administrators, from the 18th day of February, in the year of our Lord, 1884, for and dur-

ing, and until the 30th day of April, 1886, unless such term is before then determined.

"And the said party of the second part, in consideration of the leasing of the premises aforesaid, by the said party of the first part, and the said party of the second part does covenant and agree with the said party of the first part, their heirs, executors, administrators and assigns, to pay the said party of the first part, in the city of Chicago, aforesaid, the sum of two thousand eight hundred and fifty-six and $\frac{40}{100}$ dollars, ($2856.40,) payable in equal monthly installments of one hundred and eight and $\frac{33}{100}$ dollars, ($108.33,) on the 18th day of each and every month during the term of this lease. And said party of the second part also agree to pay thirty per cent of any water taxes which may be levied or assessed upon said building, and for running elevator in same. * * *

"And the said party of the second part hereby acknowledges that they have received said demised premises in good order and condition, and covenants that, at the expiration of the time in this lease mentioned, or sooner termination thereof by forfeiture or otherwise, they will deliver up the said premises to the said party of the first part in as good condition as when the same were entered upon by the said party of the second part,—loss by fire, or inevitable accident, or ordinary wear excepted; and also that they will keep the said premises in good repair during this lease, at their own expense. * * *

"It is agreed, that in case the above premises are damaged by fire, no rent shall be paid while the premises are unfit for occupancy. And in order to enforce a forfeiture of this lease for non-payment of rent when due, no demand or notice shall be required, but any demand is hereby expressly waived. And the said party of the second part hereby waives their right to any notice from said party of the first part, of their election or intention to declare this lease at an end, or of their declaring it so to be, and terminating it under any of its provisions, or any demand for the possession of the premises

leased herein; but the mere fact of the non-payment of the rent reserved, or of the non-performance of said party of the second part, their heirs, executors and administrators or assigns, should said premises be underlet, as aforesaid, of either or any of their covenants or agreements herein, or the violation by him or them, or any of them, such covenants and agreements, or any of them, shall authorize said party of the first part, their agent or agents, heirs executors, administrators and assigns, to forcibly take possession of said premises, by the use of all force and means necessary therefor, or by action of forcible detainer, or other proper action, all or any of which said party of the second part, for their heirs, executors and administrators, and also assigns, in case said premises are underlet, as aforesaid, hereby empower said party of the first part, their agent or agents, heirs, executors, administrators and assigns, to do.

"In witness whereof the said parties have hereunto set their hands and seals, the day and year first above written.

SMITH & PATTISON. (Seal.)"

The following pleas were pleaded:

*First*—And the defendants, by Weigley, Bulkley & Gray, their attorneys, come and defend the wrong and injury, when, etc., and say *actio non*, etc., because, they say, that after the execution of the indenture in the said declaration mentioned, and prior to the said time when, etc., to-wit, on the 14th day of April, 1885, the said possession and tenancy of the defendants, under and by virtue of the said indenture, was terminated by the destruction of the said demised premises in plaintiff's declaration described, without the fault or neglect of the defendants, and the defendants then and thereby released and discharged from their covenant, in said indenture contained, to pay further rent therefor. And this the defendants are ready to verify, wherefore they pray judgment, etc.

*Second*—And for a further plea in this behalf, the defendants say *actio non*, etc., because, they say, that prior to the

said time when, etc., to-wit, on the 14th day of April, 1885, the said demised premises in the said declaration mentioned and described, and for which the defendants, in and by their said indenture in said declaration mentioned and described, covenated to pay rent, were destroyed by fire, without the fault or neglect of the defendants, and the defendants there and then ousted from their possession and enjoyment thereof, whereby said tenancy was terminated, and the defendants then and there released and discharged from the further performance of their said covenant to pay rent. And this the defendants are ready to verify, wherefore they pray judgment, etc.

*Third*—And for a further plea in that behalf, the defendants say *actio non*, etc., because, they say, that prior to the said time when, etc., to-wit, on the 14th day of April, 1885, the said demised premises in the said declaration mentioned and described, and for which the defendants covenanted and agreed to pay rent, by their declaration in said indenture mentioned and set forth, was so badly damaged by fire, without the fault or neglect of defendants, that the defendants were then and there ousted and deprived of the possession and enjoyment thereof, whereby said tenancy was terminated, and the defendants then and there released and discharged from the further performance of their said covenant to pay rent. And this the defendants are ready to verify, wherefore they pray judgment, etc.

*Fourth*—And for a further plea in that behalf, the defendants say *actio non*, etc., because, they say, that the said demised premises, in the plaintiff's declaration described, were, at the time of said demise, part and parcel of a five-story and basement building, held and possessed by the plaintiffs, being the third floor and a portion of the basement floor, as in said declaration described; that prior to the said time when, etc., to-wit, on the 14th day of April, 1885, the building so held and possessed by the plaintiffs, and containing the said demised premises, as aforesaid, was destroyed by fire, without

·the fault or neglect of the defendants, and the defendants then and thereby ousted from and deprived of the possession and ·enjoyment of the said premises and appurtenances, and each ·and every part thereof, so demised and leased by the plaintiffs to the defendants, as aforesaid, by reason whereof the said term of said tenancy, mentioned and described in the said in- ·denture of leasing, set forth in plaintiffs' declaration, was then and thereby determined, and the defendants then and thereby released and discharged from the further performance of their ·covenant to pay rent. And this the defendants are ready to ·verify, wherefore they pray judgment, etc.

Demurrer to first amended plea, and replications to fourth plea, and second, third and fourth amended pleas, as follows :

"And as to the said plea of said Smith & Pattison, by them .fourthly above pleaded, say that they, the said McLean & .Retterer, by reason of anything by the said Smith & Pattison in that plea alleged, ought not to be barred from having and maintaining their aforesaid action thereof against them, the said Smith & Pattison, because, they say, that they did not ·enter into said demised premises in said declaration mentioned, .and with force and arms oust and keep out the said Smith & Pattison from the possession of the same, in manner and form .as the said Smith & Pattison have above, in their last men- tioned plea in that behalf, alleged. And this the said McLean ·& Retterer pray may be inquired of by the country, etc.

"And the said plaintiffs, as to the said amended plea of the said defendants by them secondly above pleaded, say, that the said plaintiffs, by reason of anything by the said defend- .ants in that plea alleged, ought not to be barred from having and maintaining their aforesaid action thereof against the said ·defendants, because, they say, that the said premises were not ·destroyed by fire without fault or neglect of the said defend- ·ants, as by the said amended plea is above supposed. And this they pray may be inquired of by the country, etc.

"And the said plaintiffs, as to the said amended plea of the defendants by them fourthly above pleaded, say *precludi non,* because, they say, that the said building was not destroyed by fire without the fault or neglect of the said defendants, in manner and form as by the said fourth amended plea, as above, supposed. And this they pray may be inquired of by the country, etc.

"And the said plaintiffs, as to the said amended plea of the said defendants by them thirdly above pleaded, say *precludi non,* because, protesting that the said premises were not so badly damaged by fire, without the fault or neglect of the said defendants, that the said defendants were ousted from the same, as in the said plea supposed, for replication: nevertheless, the said plaintiffs say, that after the said premises were damaged by the said fire in the said plea mentioned, to-wit, within a reasonable time thereafter, the said plaintiffs fully repaired the said premises, and the same then and there became and were fit for occupancy a long time prior to the said time, when, etc., to-wit, on the 1st day of July, A. D. 1885, and thence hitherto remained and continued so fit for occupancy, to-wit, at Cook county, aforesaid, of all which repairing and fitness for occupancy the said defendants then and there had full knowledge and notice. And this the said plaintiffs are ready to verify, wherefore they pray judgment," etc.

The court sustained a demurrer to the defendants' first amended plea. The defendants demurred to the plaintiffs' replication to the third amended plea of the defendants. The court overruled the demurrer, and no issue being joined upon that replication, by agreement of parties the cause was submitted to the court without the intervention of a jury, and the court found the issues for the plaintiff.

Messrs. WEIGLEY, BULKLEY & GRAY, for the appellants:

The lessee of land upon which there is a building, is not released from the payment of the rent by the destruction of

the building by fire, without the fault of either party. But the rule is otherwise where only a building, or a part thereof, is leased, and is accidentally burned. Gilbert on Rents, 145, 186; Coke on Littleton, 4 b; *Doe* v. *Burt,* 1 T. R. 701; *Winton* v. *Cornish,* 5 Ohio, 477; *Kerr* v. *Merchants' Exchange Co.* 3 Edw. Ch. 316; *Graves* v. *Berdan,* 26 N. Y. 498; *Austin* v. *Field,* 7 Abb. Pr. (N. S.) 29; *Stockwell* v. *Hunter,* 11 Metc. 448; *Shawmut Bank* v. *Boston,* 118 Mass. 125; *McMillan* v. *Solomon,* 42 Ala. 356; *Alexander* v. *Dorsey,* 12 Ga. 12; *Ainsworth* v. *Ritt,* 38 Cal. 89; *Buerger* v. *Boyd,* 25 Ark. 441; *Schmidt* v. *Pettitt,* 1 McArthur, 179; *Whitaker* v. *Hawley,* 25 Kan. 674.

Mr. P. L. Sherman, for the appellees:

The obligation to pay the rent as covenanted in the lease was not terminated by the fire, nor by any other circumstance disclosed in this record. *Izor* v. *Gorton,* 5 Bing. (N. C.) 501; *Gates* v. *Green,* 4 Paige, 350; *Patterson* v. *Ackerson,* 1 Edw. Ch. 96; *Hallett* v. *Wyle,* 3 Johns. 44; *Fowler* v. *Bott,* 6 Mass. 63; *Phillips* v. *Stevens,* 16 id. 237; *Peck* v. *Ledwige,* 25 Ill. 112; *Ely* v. *Ely,* 80 id. 532; *Helburn* v. *Mofford,* 7 Bush, 169; *Redding* v. *Hall,* 1 Bibb, 536; *Buerger* v. *Boyd,* 25 Ark. 441; *Harmony* v. *Bingham,* 12 N. Y. 99; *Tomkins* v. *Dudley,* 25 id. 275; *Austin* v. *Field,* 7 Abb. Pr. 9; *Whitaker* v. *Hawley,* 25 Kan. 264; *Paradine* v. *Jane,* Alleyn, 26; *Shubrich* v. *Salmond,* 3 Burr. 1637; *Walter* v. *Waterhouse,* 2 Saund. 422; 3 Kent's Com. 468, *et seq.,* note 1.

The acts of the appellees in repairing the demised premises after the fire do not constitute an eviction. *Morris* v. *Tilson,* 81 Ill. 623; *Hayner* v. *Smith,* 63 id. 430; *Lynch* v. *Baldwin,* 69 id. 210; *Walker* v. *Tucker,* 70 id. 528; *Upton* v. *Townsend,* 84 Eng. Com. Law, 30; *Edgerton* v. *Page,* 20 N. Y. 284; *Alexander* v. *Dorsey,* 12 Ga. 12; *Hoereler* v. *Fleming,* 91 Pa. St. 322; *Kep* v. *Merwin,* 53 N. Y. 543; *Whitaker* v. *Hawley,* 25 Kan. 674.

Mr. Justice Scholfield delivered the opinion of the Court:

It is unnecessary to consider whether the Superior Court erred in sustaining the demurrer to the first amended plea, because the same evidence that was admissible under that plea was admissible under the second and fourth pleas, upon which issues were joined. (*Zirkel* v. *Joliet Opera House Co.* 79 Ill. 334; *Zimmerman* v. *Willard et al.* 114 id. 364.) Since the issues of fact were found in favor of the plaintiffs, and that finding is affirmed by the judgment of the Appellate Court, it only remains for us to inquire whether the Superior Court erred in overruling the demurrer to the replication to the third amended plea.

It is not questioned by counsel for appellants that the rule is, where one leases land upon which there is a building, and the building is destroyed by fire, without the fault of either party, in the absence of a covenant in the lease compelling the landlord to rebuild, such destruction of the building does not terminate the lease or relieve the tenant from his obligation to pay rent for the remainder of the term; they, however, contend, that where the subject of the demise is a portion of a building, or rooms or apartments in a building, the rule is otherwise. The distinction, they claim, is based upon the reason that in the cases where the rule stated applies, the land is the thing demised, and the building is but an appurtenance to the land; and, therefore, although the building may be entirely destroyed by fire, the tenant still has the use of the land for the term, and may occupy it and build upon it if he will; but where the demise is but of a part of a building, or rooms or apartments in a building, the tenant takes only such an interest in the land as is necessary to the enjoyment of the demised premises, and therefore, when the demised premises are destroyed, the subject of the demise is extinguished. We shall not undertake to determine whether the weight of authority sustains this view, for it will, for the present, be sufficient to show, that, conceding it to be accurate, the court properly overruled the demurrer to the replication.

The contention, it will be observed, requires that the part of the building, or the rooms or the apartments, demised, shall be destroyed, and this must mean not merely damaged or injured, but annihilated, for if they remain in but a damaged condition, the tenant may still occupy them, repair the damage, and restore them to their former condition, if he will; and in such a state of facts, the distinction relied upon by counsel, it is clear, would have no existence,—and this is the purport of the authorities most favorable to appellants, which have been cited by counsel. This replication, in effect, denies that the demised premises were destroyed, and alleges that they were damaged, only, by fire, but not so badly that the defendants were ousted from the premises, and that within a reasonable time after they were thus damaged, the plaintiffs fully repaired the premises, so that they were fit for occupancy, etc. The language of the lease counted upon is: "It is stipulated that in case the above premises are damaged by fire, no rent shall be paid while the premises are unfit for occupancy." The obligation is assumed by the lessees, of delivering up "the said premises," at the end of the term, "to the said party of the first part in as good condition as when the same were entered upon by the said party of the second part, loss by fire, or inevitable accident, or ordinary wear excepted." And so it follows, construing these clauses together, that damages occasioned by fire must be repaired by the landlord. Damages by fire are not to terminate the lease, but to stop the payment of rent merely while the premises are unfit for occupancy. The duty to repair necessarily carries with it the right of entry and of reasonable temporary occupancy for that purpose, and it must be done within a reasonable time, which the replication alleges was done. Wood on Landlord and Tenant, sec. 481; *Kellenberger* v. *Foresman,* 13 Ind. 475.

The judgment is affirmed.

*Judgment affirmed.*