## EDWARD H. TURNER ET AL.
### v.
## LUCIUS B. MANTONYA.

*Landlord and Tenant—Cancellation and Surrender of Lease—Question for Jury—Destruction of Premises by Fire.*

In an action by a tenant to recover rent from sub-tenants, it is *held :* That the question whether there was an agreement for the cancellation and surrender of the lease was a question for the jury, and that there was no such destruction of the rooms leased by defendants as would operate to determine the lease, even if their destruction would have that effect.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. McCLELLAN & CUMMINS, for appellants.

The destruction of the premises by fire terminates the relation of landlord and tenant, for the reason that there is then nothing left upon which the demise can operate, and no rent for the premises demised can be recovered subsequent to their destruction. Taylor's Landlord and Tenant, 520; Wood's Landlord and Tenant, 603; Harrington v. Watson, 3 Pac. Rep. 173.

No further elaboration of this point is needed than a reference to the case last cited. The reasoning and the facts exactly fit the case at bar; the logic of the decision is irresistible, and the position it asserts impregnable. The decision is based on both principle and precedent, and rests for its authority on the following cases: McMillan v. Solomon, 42 Ala. 356; Austin v. Field, 7 Abb. Pr. (N. S.) 34; Graves v. Berdan, 26 N. Y. 498; Kerr v. Merchants Exchange, 3 Edw. Ch. 316; Winton v. Cornish, 5 Ohio, 477; Womack v. McQuarry, 28 Ind. 103; Stockwell v. Hunter, 11 Metc. 448; Ainsworth v. Ritt, 38 Cal. 89; Shawmut Nat. Bank v. Boston, 118 Mass. 128; Whitaker v. Hawley, 25 Kan. 674.

Messrs. CASE, NOLAN & HOGAN, for appellee.

MORAN, J.   This appeal is from a judgment for $179.89, rendered against appellants and in favor of appellee, for a balance of rent under a lease. Appellee leased premises from Farwell & Company, and sublet a part thereof to appellants.

Appellee's lease contained a stipulation authorizing him to terminate said lease upon the premises becoming damaged by fire so as to be unfit for occupancy, but there was no such provision in appellants' lease. The term of appellants' lease would end December 31, 1885, and of appellee's lease from the Farwells on January 1, 1889.

A fire occurred on November 5, 1885, which, appellee claimed, rendered the premises unfit for occupancy, and he ·gave Farwells a notice to terminate the lease, and had some negotiations with appellants looking to their vacation of the part occupied by them, so that appellee could surrender the entire premises. The Farwells denied that the premises were so injured as to authorize a termination of the lease under the said fire clause, and a compromise was finally agreed upon by which, in consideration of the payment of a certain sum by appellee, the Farwells accepted a surrender of his lease.

Two contentions are urged by appellants to reverse the judgment appealed from. One is that they agreed with appellee upon a cancellation and surrender of their lease, and paid all rent due, and made an actual surrender on November 6, 1885, and hence they could not be held for rent subsequently accruing. On this contention there was an issue of fact, and we are satisfied, after a careful examination of the instructions, that such issue was submitted to the jury under a correct statement of the law by the court. As the verdict on this issue is clearly sustained by the evidence, it is conclusive against appellants' contention on this hearing.

The second position of appellants is that there was such a destruction of the premises by the fire of November 5th, as operated in law to determine the lease. The evidence as set out in appellants' abstract shows that the rooms leased by

appellants were rendered untenantable by the fire. There is no description of the condition of the rooms or the extent of destruction, and no proof that the building and rooms could not be readily repaired and rendered tenantable.

It appears from the testimony of Farwell, who was called by the defendant, that the store was drenched with water, but that the walls were perfect. Where there is no stipulation in the lease relieving the tenant from the payment of rent in case of the destruction of the building by fire, he will be held for the rent during the entire term of the lease. Such is the general rule.

But counsel contend that there is a distinction applicable to leases of rooms or parts of a building. Assuming, but not deciding, that the distinction counsel contends for exists, the case he cites supports a rule which, as stated by the Supreme Court of this State, "requires that the part of the building or the rooms of the apartments demised shall be destroyed, and this must mean not merely damaged or injured, but annihilated; for if they remain in but a damaged condition the tenant may still occupy them, repair the damage done and restore them to their former condition if he will." Smith et al. v. McLean, 123 Ill. 210.

It is very clear that no such destruction of the building or of the rooms leased by appellants is shown, by the evidence, as justifies the application in this case of the doctrine which counsel contends for. Smith v. McLean, 22 Ill. App. 451; Shawmut National Bank v. City of Boston, 118 Mass. 125.

We find no error in the record and the judgment of the Circuit Court must therefore be affirmed.

*Judgment affirmed.*