Johns v. Eichelberger.

### Robert Johns v. J. H. Eichelberger.

1. LANDLORD AND TENANT—*Duty of Landlord to Keep Roof in Repair.*—Where the landlord leases to a tenant a single room in a building, retaining control over the other parts, including the roof, it is the duty of the landlord to keep the roof in repair, so the tenant may not be injured in his holding.

Debt, to recover rent. Appeal from the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

BRENNAN & ANDERSON and McQUIGG & DOWELL, attorneys for appellant.

J. C. and W. B. McBRIDE and HOGAN & DRENNAN, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This suit was for the rent of a store room in a building owned by appellee, in Pana, for one year at $50 per month, brought by the appellant against appellee; the verdict was for the defendant, upon which the court gave judgment in bar of the action, after having overruled the motion for a new trial.

The lease declared upon was in the form of a letter accepted in writing by the appellee, and was informal, and

in some respects ambiguous. Appellant insists upon a reversal for many reasons, such as wrong rulings upon the evidence and errors of instructions, as well as that the verdict is against the weight of the proper evidence in the case.

The court admitted oral evidence to supply the vague parts of the lease, and this is complained of, but we think that it was proper in view of the crude contract that was entered into. Appellant was to do certain things to put the room in readiness for occupancy for a mercantile business, and this not having been made specific in the written contract, it was shown by parol, and that he failed to do what was intended at the time of the written contract. The written lease was for three years, appellee giving notice to quit at the end of the second year, and he did quit, and this suit is for the third year, the room having been unoccupied during that time. Appellee insisted, and proved, the roof of the building leaked badly all the time, and that appellant did not, or would not, repair it; that the floor was out of order and the dampness from the roof and cellar injured his goods, and he also insisted upon recoupment. Upon the whole evidence we think the verdict is right, especially upon the point of the leaking roof, which alone justified the tenant in abandoning the room, for the law is elementary, where the landlord leases to a tenant a single room in a building, retaining control over the other parts, including the roof, it is the duty of the landlord to keep the roof in repair, so the tenant may not be injured in his holding.

Some of the instructions are inharmonious, and inaccurate in many respects, but we do not feel warranted in reversing the judgment for such reason, because we are of the opinion upon the whole evidence the verdict is right.

The judgment of the Circuit Court will be affirmed.