636    APPELLATE COURTS OF ILLINOIS.

VOL. 122.] Fairmount Lodge No. 590, A. F. & A. M. v. Tilton.

---

## Fairmount Lodge No. 590, A. F. & A. M., v. G. Wilse Tilton.

1. REPAIR—*when lessor liable under obligation to.* The lessor is under an obligation to keep in repair all those portions of premises not demised and which are essential parts of the entire building, as, for instance, the roof and chimneys.

Action of assumpsit. Appeal from the Circuit Court of Vermilion County: the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded with directions. Opinion filed October 9, 1905.

REARICK & MEEKS, for appellant.

O. M. JONES, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

The declaration in this case is in assumpsit and alleges that the parties entered into the following lease:

" This indenture made this 1st day of September, A. D. 1883, between G. Wilse Tilton of Catlin, Illinois, party of the first part, and John W. Turner, Worshipful Master, William H. Thomas, Senior Warden, and John Reese, Jr., Junior Warden, and to their successors in office of Fairmount Lodge No. 590, Free and Accepted Masons of Fairmount, Vermilion County, and State of Illinois, parties of the second part,

Witnesseth :

That the party of the first part in consideration of the covenants hereinafter set forth does by these presents lease and rent to the said parties of the second part and to their successors in office, for the term of ninety-nine years from the date hereof, the following described property, to-wit : All of the second story and the stairway leading thereto of the two-story frame building standing on the southwest part of lot No. seven (7) in block No. twenty-seven (27) of the town of Fairmount (Salina), in the county of Vermilion and State of Illinois. And the parties of the second part in consideration of said lease pay the sum of eight hundred and sixty dollars, the receipt whereof is hereby acknowledged by the party of the first part in full payment of said rent for the full term of this lease. The said parties of the second part hereby covenant and agree that at the termination of this lease to yield peaceable possession of said premises to said party of the first part, or to his heirs or assigns, and the party of the second part further agree that should they ever desire to sell or dispose of said hall, that the party of the first part shall have the first privilege of the purchase thereof, provided always that said party will pay as much for the same as any other purchaser.

In witness whereof, signed and sealed," etc.

The declaration further alleges that appellant entered into possession of the leased premises at the time the lease was executed and then paid the sum of $860, being the rent stipulated; that at the time of the execution of said lease there was a two-story building upon the leased premises and that said building is still standing; that May 1, 1904, appellee suffered the building to be and become out of repair, and particularly suffered the roof to leak and become decayed; that it leaked to such an extent that the plastering in the ceiling of the second floor and stairway

638     Appellate Courts of Illinois.

Vol. 122.] Fairmount Lodge No. 590, A. F. & A. M. v. Tilton.

of the building became loose, discolored and unsafe, and the furnishings and property of appellant in the second floor were damaged by water, and the wall paper placed upon the walls by appellant was injured and destroyed, and the premises became untenantable; that the chimneys and flues in the building were permitted by appellee to be out of repair and in a dangerous condition on account of the falling out of the mortar between the bricks, and particularly above the roof of the building; that on May 20, 1904, appellant caused notice to be served upon appellee of such want of repair of the premises and requested appellee to make the necessary repairs within thirty days thereafter; that appellee failed to make the repairs required, and thereupon after the expiration of the time mentioned in the notice appellant repaired the roof and plastering in the flue at an expense of $138.87, for which amount a recovery is sought.

A demurrer to the declaration interposed by appellee was sustained by the court, and appellant abiding by its declaration judgment was rendered against it in bar of the action and for costs.

It is conceded by appellant to be settled law, that in the absence of a covenant by the lessor to repair it is incumbent upon the lessee to keep the leased premises in repair during the term of the lease (Sunasack v. Morey, 196 Ill. 569; Smith v. McLean, 123 Ill. 210), but it is contended that this rule is not applicable to the case at bar, because the lease is for a parcel only of the entire premises. Bissell v. Lloyd, 100 Ill. 214; Johns v. Eichelberger, 109 Ill. App. 35. In 1 Taylor on Landlord and Tenant, sec. 175a, it is said: " A demise of parcels out of a building leaves the responsibility for what is not demised, upon the landlord. The roof, halls and passages not demised, chimneys, eaves, and outside walls, remain the landlord's charge."

Appellant having leased only the second story and stairway of the building, had no control over or right of entry upon any other portion of the building. The roof and chimneys being essential parts of the entire building, nec-

essary as well for the protection and use of the first story and its occupants as of the second story and its occupants, a majority of the court, the writer not concurring, are of opinion that a covenant by appellee, as lessor, should be implied to keep the roof and chimneys in repair. It follows, therefore, that the court below erred in sustaining the demurrer to the declaration, and that the judgment must be reversed and the cause remanded with directions to that court to overrule the demurrer.

*Reversed and remanded with directions.*