C. F. MENSING, *Appellee,* v. JOHN W. WRIGHT, *et ·al.*
(PETER DOERSAM *et al., Appellees;* JOHN W. WRIGHT,
*Appellant*).

No. 17,304.

HEADNOTE BY THE REPORTER.

1. DAMAGES—*Loss of Profits—Evidence—Witness.* Where the
business of conducting a skating rink is wrongfully inter-
rupted, damages for loss of profits which are neither specu-
lative nor uncertain but can be determined with reasonable
certainty may be recovered.

2. ——— *Same.* A proprietor who is in personal charge of his
business, knows its details and its receipts and expenses and
has his bank book before him in court, is competent to testify
directly to amounts, and his summaries are not objectionable
either as secondary or as conclusions.

Appeal from Leavenworth district court. Opinion
filed December 9, 1911. Affirmed.

*C. P. Rutherford,* and *Lucien Rutherford,* for the ap-
pellant.

*Lee Bond, M. N. McNaughton, W. W. Hooper,* and
*Hawn & Flynn,* for the appellees.

*Per Curiam:* None of the law questions involved in
this appeal is new and they have all been sufficiently
discussed in former decisions of the court.

The plaintiff's skating rink was profitable before his
business was interrupted, and continued to be profitable
when resumed after the interruption. The only change
in conditions was that competition was added, and still
the business was profitable. Consequently, profits for
the twenty-six days of suspension were neither specu-
lative nor uncertain, and proof of what they were for
representative periods of time before and after the
suspension formed a fair basis upon which to estimate
them.

The evidence shows clearly enough that the plaintiff
was in personal charge of his business, knew the details

of it and knew what his receipts and expenses were, and had his bank books in court. This qualified him to testify directly to amounts, and his summaries were not objectionable either as secondary or as conclusions. An item of $2386 was recently sustained on the same kind of testimony in the case of *Larabee v. Railway Co.*, 85 Kan. 214, 218, 116 Pac. 901.

The instructions to the jury were correct and were clear enough. The plaintiff could not recover on account of the digging of the cellar, which was done in a sufficiently careful manner, but only for excavating under his foundation. Due care in going under his foundation, however, required such an excavation of the cellar and such other precautions as would prevent the building from collapsing.

The amount of the verdict does not indicate passion or prejudice. It is simply mistakenly too large. As reduced, it fairly represents the plaintiff's damages, and a new trial will not be granted to reassess them.

It does not indicate that the verdict against one tort feasor is wrong because the jury excuses another who, under the evidence and instructions, was also liable.

The judgment is affirmed.