No. 19,315.

JAMES F. O'NEAL and H. W. O'NEAL, Partners, etc. *Appellees,* v. CARRIE R. BAINBRIDGE, *Appellant.*

SYLLABUS BY THE COURT.

1. LEASE—*Total Destruction of Building by Fire—Question of Fact for Jury.* Whether or not a building has been totally destroyed is ordinarily a question of fact for the jury.

2. LEASE—*Partial Destruction of Premises—Tenant May Continue in Occupation.* A tenant, occupying a part of a building under a written lease, may continue to hold under the lease, although the part occupied has become uninhabitable by reason of a partial destruction by fire.

3. LEASE—*Cancellation—Both Parties Must Agree.* The cancellation of a lease, by act of the parties, must have the consent of both lessor and lessee.

4. LEASE—*Wrongfully Canceled by Lessor—Measure of Damages—Loss of Profits.* Loss of profits, when they can be ascertained, is a proper measure of damages for wrongfully refusing to permit a tenant to occupy the premises covered by a lease.

5. TRIAL—*No Error in Instructions.* An examination of the instructions discloses no error.

O'Neal v. Bainbridge.

6. LEASE—*"Damages by Elements Excepted"—Includes Damages by Fire.* Fire is one of the elements included in the expression "damages by the elements excepted," where that phrase is used in a lease of a building.

7. EVIDENCE—*Exclusion of Evidence—Not Properly for Review.* Before the supreme court can reverse a judgment on account of the exclusion of evidence, that evidence must be presented to the trial court when the motion for a new trial is heard.

8. JUDGMENT—*Must Be on Verdict—When Triable to Jury.* Judgment on the evidence should not be rendered by a trial court when a jury is a matter of right and there is evidence sufficient to submit to the jury.

Appeal from Ford district court; GORDON L. FINLEY, judge. Opinion filed March 6, 1915. Affirmed.

*Arthur C. Scates, Albert Watkins,* both of Dodge City, *Frank L. Martin* and *Van M. Martin,* both of Hutchinson, for the appellant.

*L. A. Madison, Carl Van Riper,* both of Dodge City, and *F. Dumont Smith,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: Plaintiffs brought this action and recovered a judgment for $800 as damages. The defendant appeals.

The action is based upon the alleged breach of the covenants of a lease by which the defendant leased the plaintiffs the first floor and basement of a building in Dodge City, Kan. On the 10th of March, 1912, the building was partially destroyed by fire. The roof was totally destroyed; a portion of the east wall was burned; the falling of the roof broke through an old skylight, and a portion of the second-story floor was burned through. No damage was done to the foundation; the entire west wall, two stories and basement, being a party wall, was uninjured, and was used in rebuilding. All of the north and south ends, except three or four feet necessary to tie in to the second story of the new east wall, were used. The jury found that

the building was not totally destroyed; that the loss was 75 per cent. The fire, unquestionably, left part of the building untenantable. The basement continued to be occupied. The plaintiffs allege that the premises occupied by them became uninhabitable, and that they were compelled to remove their fixtures, billiard and pool tables, and stock of goods. After the building was burned, the defendant started to rebuild it, and had some talk with one of the plaintiffs, when she told him she was going to fix the building, and intended for him to go in. Later, she told the plaintiffs that she was going to erect a building for other purposes, and that they could not occupy it. It is alleged that the defendant was bound and obligated to repair the building and place it in a habitable condition, but there is no such covenant in the lease. The building was ready for occupancy about January 1, 1913.

Before the fire the plaintiffs had sublet the basement, and after the fire directed the subtenant to pay the rent directly to the defendant. After the fire the defendant demanded no rent, and the plaintiffs paid none.

At the trial the plaintiffs introduced evidence as to the nature of the business the year before the fire, testified how much business they did, how much money they put in, and how much profit they made.

The court tried the case on the theory that it required a total destruction of the building to terminate and cancel the lease, and submitted the question to the jury as to whether or not the building was totally destroyed. The jury found that there was not a total destruction of the building, that it was 75 per cent destroyed, and found a verdict against the defendant for $800.

The points relied on by the defendant are:

"1. The destruction of the building by fire to the extent of 75 per cent, which rendered it untenantable, and uninhabitable, cancelled and terminated the lease.

O'Neal v. Bainbridge.

"2. After the fire, both parties to the contract recognized and treated the lease as cancelled, and the building as untenantable.

"3. The loss of profits, in any event, is not the true measure of damages.

"4. The instructions of the court were erroneous.

"5. The court erred in sustaining objections to competent testimony offered by the defendant.

"6. The court erred in overruling the defendant's motion for judgment on the evidence."

1. Whether or not the building had been totally destroyed was a matter for the jury to determine. Counsel have drawn different conclusions from the evidence on this point. Where different conclusions can be reached, the jury must decide. (*Johnson v. Leggett,* 28 Kan. 590, 607; *Brown, Adm'r., v. A. T. & S. F. Rld. Co.,* 31 Kan. 1, 16, 1 Pac. 605; *Railroad Co. v. Matthews,* 58 Kan. 447, 452, 49 Pac. 602; *Grand Trunk Railway Co. v. Ives,* 144 U. S. 408, 36 L. Ed. 485; 38 Cyc. 1517.)

2. Was the lease canceled and terminated because of the building becoming untenantable and uninhabitable by the 75 per cent destruction thereof? The fire rendered the rooms occupied by the plaintiffs untenantable and uninhabitable until repairs were made. If the tenants desired to continue the lease, they could do so, by the payment of rent, whether the landlord so desired or not, because the building was not destroyed, although rendered unfit for occupation. (24 Cyc. 1379.)

In *Con. Mutual Life Ins. Co. v. United States,* 21 Court of Claims, 195, Davis, J., said:

"Covenants terminating a lease should the buildings be destroyed are strictly construed as against the lessee, and are held not to relieve him from liability in case of injury to the building short of destruction; that is, if the injury be of such a nature that the property may be repaired without rebuilding the structure, there is no destruction within the meaning of such a covenant, even if the building be temporarily uninhabitable." (p. 201; *Vanderpoel v. Smith,* 2 Daly [N. Y. Com. Pleas], 135; *Well & another v. Hinds,* 70 Mass. 256; *Izon v. Gorton,* 5 Bing. [N. Car.] 501; *Smith et al. v. McLean*

*et al.*, 123 Ill. 210, 14 N. E. 50; *Turner v. Mantonya*, 27 Ill. App. 500; *Monotuck Silk Co. v. Shay*, 37 Ill. App. 542; Note, 22 L. R. A. 613.)

3. Did the parties to this lease treat it as canceled after the fire? This is not alleged in the answer, is not embraced in the instructions requested, nor in those given. Some evidence on this question was introduced, but that evidence does not warrant the conclusion that the plaintiffs considered the lease at an end. They did not consent to its cancellation. Where a lease or other contract is canceled by act of the parties, both parties must consent to such cancellation. The evidence fails to show such consent on the part of the plaintiffs. It rather tends to show that the plaintiffs insisted on the performance of the contract. The defendant refused to let the plaintiffs occupy the building after it was repaired.

4. Is loss of profits a proper measure of damages?

"Damages for loss of profits may be recovered where the amount of such loss and the fact that it resulted by defendant's refusal to comply with the alternative writ can be determined by the court with reasonable certainty." (*Larabee v. Railway Co.*, 85 Kan. 214, syl. ¶ 7, 116 Pac. 901.)

This principle was followed in *Mensing v. Wright*, 86 Kan. 98, 119 Pac. 374, where this court said:

"Where the business of conducting a skating rink is wrongfully interrupted, damages for loss of profits which are neither speculative nor uncertain but can be determined with reasonable certainty may be recovered." (Syl. ¶ 1.)

Loss of increase in the growth and weight of cattle has been held to be a proper measure of damages in an action to recover for failure to furnish the amount of pasture contracted for. (*Skinner v. Gibson*, 86 Kan. 431, 121 Pac. 513.) The same rule has been applied where cattle have been wrongfully disturbed and frightened. (*Davis v. Gas Co.*, 85 Kan. 195, 115 Pac. 977.)

O'Neal v. Bainbridge.

Following these decisions, it was proper for the court to instruct the jury that:

"The measure of damages in such case will be the amount of profit that the plaintiffs would have made in their said business for the remainder of the term of the lease, less the rents for the premises from the time of the fire to the date when again ready for occupancy. In arriving at said profit you may take into consideration the gross receipts for the period up to the time of the fire, the total expenses to be deducted from such gross receipts, and arrive as nearly as possible at the average net profits of the plaintiffs.

"You are not bound to take the net profits of the plaintiffs as the absolute measure of their damage, but may take into consideration the probability or improbability of such profit continuing for the remainder of the term."

5. It is next urged that the instructions of the court were erroneous. Complaint is made of the instruction concerning the measure of damages. That is disposed of. The next matter presented is, that the instruction requiring the defendant to prove a total destruction of the building was erroneous. The defendant plead total destruction of the building. That question was specially submitted to the jury. The jury found that the building had not been totally destroyed. Other instructions are complained of. We have examined them and find no error therein.

6. It is contended that the plaintiffs were bound to repair the building, if it could be repaired. The lease, in part, reads:

"And the said parties of the second part [plaintiffs] . . . agrees that they will, at their own expense, during the continuance of this Lease, keep the said premises and every part thereof in good repair . . . reasonable use and wear thereof and damages by the elements excepted."

Is fire one of the elements within the meaning of this stipulation? In 15 Cyc. 482, it is said: "Elements. In common speech, earth, air, fire and water." In *Van*

*Wormer v. Crane,* 51 Mich. 363, 16 N. W. 686, 47 Am. Rep. 582, it was held that " 'damages by the elements' excepted from a lessee's covenant to repair, includes destruction by fire without the lessee's fault." (Headnote, 47 Am. Rep. 582.) See Note in 53 L. R. A. 673-678, on "What constitutes damages 'by the elements' within the meaning of contracts with stipulations referring thereto." We are of the opinion that the tenants in this case, the plaintiffs, were not under any obligation to repair the leased premises after the fire.

7. Complaint is made of the exclusion of certain evidence. It does not appear that the evidence excluded was produced in any way at the hearing of the motion for a new trial. (Civ. Code, § 307.) This matter can not be considered at this time. (*Davidson v. Timmons,* 88 Kan. 553, 558, 129 Pac. 133; *Walter, Adm'r, v. Calhoun,* 88 Kan. 801, 805, 129 Pac. 1176; *Williams v. Withington,* 88 Kan. 809, 812, 129 Pac. 1148; *Cheek v. Railway Co.,* 89 Kan. 247, 257, 131 Pac. 617.)

8. The last complaint made is that the court erred in denying the defendant's motion for judgment on the evidence. This was properly a jury trial. Evidence sufficient to warrant submitting the case to the jury was introduced. The motion was properly denied.

We have examined all the matters complained of, and do not find anything upon which to base a reversal of the judgment. The judgment is therefore affirmed.