## Luke Burlingham, Plaintiff in Error, v. Bernice Gordon, Defendant in Error.

### Gen. No. 21,562.

1. LANDLORD AND TENANT, § 209*—*when lessee not obliged to make outside repairs to building.* A lessee of a part of a building under a lease requiring her to keep "the premises" in repair, *held* not obligated to make outside repairs on the building, such as painting exterior walls, fire escapes, etc.

2. LANDLORD AND TENANT, § 209*—*when contract by tenant to make repairs not created.* Where a lessee of a part of a building was not, under the terms of the lease, required to make outside repairs, *held* that her making such repairs in compliance with a request of the lessor did not create a new contract to make them, a breach of which would authorize the lessor to terminate the tenancy.

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed October 10, 1916.

CHARLES S. KNUDSON, for plaintiff in error.

WALTHER & LANAGHEN, for defendant in error; WALTER S. HULL, of counsel.

MR. JUSTICE McDONALD delivered the opinion of the court.

Plaintiff in error (plaintiff below), brought an action of forcible entry and detainer against defendant in error (defendant below), for the possession of certain premises located in the City of Chicago. At the close of plaintiff's case, the court, on motion of the defendant, instructed the jury to return a verdict finding the issues for the defendant; and by this writ of error plaintiff seeks a reversal of the judgment rendered thereon.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

It is urged by plaintiff, that under the terms of the lease entered into by and between the parties hereto, the defendant agreed to make certain outside repairs to the building in question, such as painting the exterior of the walls, fire escapes, etc. That part of the lease relating to repairs, replacements, etc., provides as follows:

"SECOND. That she (defendant) has examined and knows the condition of said premises, and has received the same in good order and repair, except as hereon otherwise specified, and that no representations as to the condition or repair thereof, have been made by the party of the first part or the agent of said party, prior to or at the execution of this lease, that are not herein expressed or endorsed hereon; and that she will keep said premises in good repair, replacing all broken glass with glass of the same size and quality as that broken, and will keep said premises, appurtenances, including catch basins, vaults and adjoining alleys, in a clean and healthy condition, according to the city ordinances, and the direction of the proper public officers during the term of this lease, at her own expense; and will, without injury to the roof, remove the snow and ice from the same when necessary, and clean the snow and ice from the sidewalks in front of said premises; and upon the termination of this lease, in any way, will yield up said premises to said party of the first part in good condition and repair (loss by fire and ordinary wear excepted), and will comply with all city ordinances, said first party to erect necessary fire escapes when required."

Defendant occupied the second, third, fourth, fifth and sixth floors and a part of the basement, of plaintiff's building. The first floor consisted of stores, which were rented to various tenants, each of whom had also the use of a part of the basement. Defendant, therefore, was not the sole tenant of this building. The lease in question does not include the entrances to the building, or the roof or exterior, and makes no mention

of any repairs thereto. Under such circumstances, the control thereof remained in the plaintiff, who was also responsible for their maintenance in a safe condition. We think the following language in *Fairmount Lodge v. Tilton,* 122 Ill. App. 636, 638, is particularly applicable to the facts in the case at bar:

"It is conceded by appellant to be settled law, that in the absence of a covenant by the lessor to repair, it is incumbent upon the lessee to keep the leased premises in repair during the term of the lease (*Sunasack v. Morey,* 196 Ill. 569; *Smith v. McLean,* 123 Ill. 210), but it is contended that this rule is not applicable to the case at bar, because the lease is for a parcel only of the entire premises. *Bissell v. Lloyd,* 100 Ill. 214; *Johns v. Eichelberger,* 109 Ill. App. 35. In 1 Taylor on Landlord and Tenant, sec. 175a, it is said: 'A demise of parcels out of a building leaves the responsibility for what is not demised, upon the landlord. The roof, halls and passages not demised, chimneys, eaves and outside walls, remain the landlord's charge.' "

In view of this language it must be held that defendant did not agree by the foregoing terms of the lease, to make outside repairs.

It appears from the evidence, that pursuant to plaintiff's request, defendant made certain repairs on the outside of the building in question. It is urged by plaintiff, that thereby the defendant construed the lease as requiring her to keep the exterior of the entire building in a good state of repair. Without conceding the correctness of plaintiff's contention, it is sufficient to say that such construction cannot change the rights and liabilities of the parties. If, under the terms of the lease the defendant was not required to make the repairs requested, then a partial compliance with plaintiff's request so to do did not create a new contract to repair, the breach of which would authorize plaintiff to terminate the tenancy. *Watson v. Almirall,* 61 App. Div. (N. Y.) 429, 70 N. Y. Supp. 662.

Finding no reversible error, the judgment will be affirmed.

*Affirmed.*