The Chicago, Rock Island & Pacific Railway
Company v. R. Scheinkoenig.

No. 11,624.  (61 Pac. 414.)

1. Personal Injuries—*Measure of Damages—Loss of Time.*
Profits derived from a business speculative and uncertain in
character are not provable, as a measure of damages, in an action
to recover for injuries negligently inflicted upon the owner of the
business, whereby he was prevented from giving it his personal
attention, and earning from it such probable amount as its nature
permitted; but they are provable to show the character and ex-
ent of the business in which the injured person was engaged, the
probable value to him of the time he lost on account of his in-
juries, and the probable loss he sustained by not being able to
give to his business his accustomed oversight and attention; and
this rule is not affected by the fact that the business in question
was that of a partnership conducted by the injured man and
another.

2. ———— *Case Followed.* The case of *Railway Co. v. Posten,*
59 Kan. 449, 53 Pac. 465, followed.

Error from Clay district court; W. S. Glass, judge,
Opinion filed June 9, 1900.  Affirmed.

*M. A. Low,* and *W. F. Evans,* for plaintiff in error.
*Coleman & Williams,* for defendant in error.

The opinion of the court was delivered by

Doster, C. J. : The defendant in error herein sued
the plaintiff in error to recover damages for injuries
negligently inflicted upon him as a passenger on one
of the trains of the latter.  Verdict and judgment
were rendered for the plaintiff in the court below,
from which the defendant in that court has prose-
cuted error.  The errors complained of are the ad-
mission of incompetent and irrelevant testimony in
proof of the damages sustained, and the giving of an
erroneous instruction as to damages.  The evidence

to which objection was made was that of the plaintiff, and was as follows:

"Ques. I will ask you to state as nearly as you can what the average annual profits of your business were during a period of, say, four or five years preceding the time of your injury? I refer to the firm business. Ans. Our average net profits for the last five years run from about five thousand dollars net profits a year for the last five years.

"Q. I will ask you to state to the jury what amount of business your firm transacted; state in a general way what amount of business your firm transacted annually? A. Well, our business, our amount of business, would run from buying from six thousand to nine thousand head of cattle a year—buying and selling that many."

The instruction complained of was as follows:

"Evidence of the loss sustained by the plaintiff in his business in consequence of the injuries sustained by him may be considered by the jury, not as furnishing the measure of damages, but to aid the jury in estimating them, and for this purpose the nature of plaintiff's business, its extent and the importance of his personal oversight and superintendence in conducting it have been allowed to be shown; but you are instructed that speculative profits on invested capital are not recoverable as damages in this case."

It was in evidence that the plaintiff in the court below was in partnership with another person; that they were engaged in the business of buying and selling cattle, and were equal sharers of the profits of such business. Except in the fact that the plaintiff in this case was a member of a partnership, and that the loss sustained by him on account of his injuries was a loss to him as a member of a partnership, the case is identical in point of fact and in legal questions arising thereon with *Railway Co. v. Posten*, 59

Kan. 449, 53 Pac. 465.  Counsel for plaintiff in error vigorously assail the decision made in that case, because, as they say, it allows a jury to award as damages the loss of contingent and possible profits upon invested capital under the superintendence of personal effort.  We have given reconsideration to the rulings of law there announced and are entirely satisfied as to their soundness.

Neither in that case nor in the above-quoted instruction of the court below in this one was it ruled that evidence of the speculative and uncertain profits of a business could be considered as a measure of damages.  In that case the plaintiff had testified to the amount of profits of his business in the years immediately preceding his injury.  Replying to the contention of counsel that evidence of such character was inadmissible, Mr. Justice Allen said:

"It is said that this income, being derived from invested capital as well as the personal attention of the plaintiff, did not furnish a proper measure of damages; that profits of the kind realized were speculative, and that, while profits might be made in one year, losses might be sustained in another.  The contention is sound so far as it relates to the rule by which the plaintiff's damages are to be measured, but it is not sound as to the proposition that testimony with reference to the plaintiff's employment and the nature and character of his business, and whether it is profitable or otherwise, may not be admitted in evidence.  Certainly evidence as to earnings in cases of this kind is not necessarily confined to wages.  It is not alone wage-earners whose time is valuable, and who may recover damages for injuries resulting in the loss of it.  In order that the jury may intelligently estimate the loss the plaintiff has sustained, it is necessary that they should be informed with reference to his business affairs, and while they may not, as compensation for the loss of his time, include speculative

profits, or profits on invested capital, it is for them to say what loss has resulted to his business because of his being incapacitated from attending to it, and to award him as damages the value of his time and labor to himself in the transaction of his own business.''

Evidence of speculative and uncertain profits derivable from invested capital and the personal oversight of it is not receivable, of course, as a measure of damages, but it is receivable to show the character and extent of a man's business and the probable loss sustained by him on account of not being able to give to it his usual and ordinary attention. It may be that the evidence objected to in this case would have been erroneous without an instruction by the court to the jury explaining the purpose for which it was admitted and limiting the use to be made of it by them in their deliberations, but, instructed as they were, it became entirely admissible and proper.

Counsel for plaintiff in error criticize the use in the above-quoted instruction of the words ''any loss sustained by the plaintiff in his business in consequence of the injuries sustained by him.'' They argue that there was no evidence of ''loss sustained'' by the plaintiff in his business. The evidence of loss sustained was, first, in the fact that the plaintiff had a business, and second, in the fact that the injuries he sustained prevented him from giving attention to it. The loss was not stated by him in dollars, nor perhaps should it have been so stated. When the facts were proved the inference of loss arose, or rather the fact of loss became apparent; and it was for the jury to say, considering all the circumstances—the character and extent of the plaintiff's business, the profits he had been realizing from it, and the extent to which he had

been prevented from attending to it—what his losses were.

Counsel for plaintiff in error also say that the defendant in error's being a member of a partnership, the business of which could go on without his personal attention to it, prevented the application of the rule laid down in *Railway Co. v. Posten*, supra.   It is inconceivable to us that such should be the case.   If it had been proved as a fact that the plaintiff's business went on as well without him as with him that fact would have been material and relevant to consider. The fact that it might possibly go on as well without him as with him was a fact to be taken into account by the jury.   They doubtless did take it into account. Upon this question the case of *Walker v. The Erie Railway Company*, 63 Barb. 260, is in point.

The above are the only errors complained of in the case.   They are unavailing, and the judgment of the court below is affirmed.