# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

---

## Faber *v.* Gimbel Brothers, Appellant.

*Negligence—Damages — Personal injury — Decreased earning power—Person engaged in a small business—Profits—Evidence.*

1. Evidence of earnings from a small business in which the plaintiff was engaged as a partner before and after the accident, is admissible to show decreased earning power as the result of an injury, where it appears that the business, which had only a nominal capital, required plaintiff's entire time, labor and skill and had no earning power except that resulting from profits from such labor and skill, since in no other way could the decreased earning power be shown.

*Negligence—Damages—Present value tables—Actions for personal injuries—Partial disability — Evidence — Inaccurate use of tables—Remarks of counsel.*

2. Tables showing the present value of a fixed sum of money payable in weekly installments during a period of years representing the expectation of life of the plaintiff, according to the mortality tables, are admissible in evidence in actions for damages for personal injuries resulting in partial impairment of earning capacity, as well as in cases of total disability.

3. An inaccurate use of figures by counsel in addressing the jury as to the use of the value tables, is not ground for reversal, where it does not appear that the jury were misled, or that they adopted the method used by counsel in his illustration, and it did appear that the jury had the tables before them in their deliberations, and that they could see for themselves at a glance, the present value of a sum of money for a given number of years.

**2**     FABER *v.* GIMBEL BROTHERS, Appellant.

Argued Jan. 20, 1919. Appeal, No. 130, Jan. T., 1919, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1917, No. 1644, on a verdict for plaintiff in the case of Morris Faber v. Gimbel Brothers. Before STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for damages for personal injuries. Before BARRATT, P. J.

Verdict for plaintiff for $15,500, upon which judgment was entered.

*Errors assigned* were rulings on evidence, and refusing to withdraw a juror on account of remarks of counsel.

*Ralph B. Evans,* of *Prichard, Saul, Bayard & Evans,* and *Hampton L. Carson,* with them *W. W. Smithers,* for appellant.—The court erred in admitting evidence of plaintiff's earnings from a partnership with invested capital: Boggess v. B. & O. R. R. Co., 234 Pa. 379; Gilmore v. Phila. Rapid Transit Co., 253 Pa. 543.

The admission of the table of present values was improper: Seeherman v. Wilkes-Barre Co., 255 Pa. 11; Kerrigan v. Pennsylvania R. R., 194 Pa. 98; Fletcher v. Wilmington Steamboat Co., 261 Pa. 1.

This court has consistently frowned upon anything in the nature of an attempt to suggest to the jury the amount of their verdict in a negligence case: Quinn v. Phila. Rapid Transit Co., 224 Pa. 162; Hollinger v. York Rys. Co., 225 Pa. 419; Connelly v. Pittsburgh Rys. Co., 230 Pa. 366.

*Augustus Trask Ashton,* with him *Victor Frey,* for appellee.—Evidence of amount of earnings was competent: Boggess v. B. & O. R. R. Co., 234 Pa. 389; Wallace v. Penna. R. R., 195 Pa. 129; McLane v. Pittsburgh Rys. Co., 230 Pa. 29.

The present value tables are admissible in evidence: Fletcher v. Wilmington Steamboat Co., 261 Pa. 1; Sikorski v. Phila. & Reading R. R., 260 Pa. 243; Seeherman v. Wilkes-Barre Co., 255 Pa. 11.

OPINION BY MR. JUSTICE FRAZER, February 17, 1919:

Plaintiff sued to recover damages for injuries sustained from being run over by defendant's motor truck. The trial resulted in a verdict in plaintiff's favor. It is conceded the question of responsibility for the accident was one for the jury, and the only questions discussed in this appeal relate to the measure of damages.

The facts are as follows: Plaintiff was engaged in repairing automobile radiators in partnership with another. Both members of the firm gave their entire time to the business, and together performed all repair work entrusted to them. The capital invested was $800, which was expended for necessary tools, fixtures and materials, each contributing one-half the required amount. Plaintiff testified he realized from $35 to $40 a week from the business after all expenses were deducted, and as a result of his injuries was unable to perform work requiring physical strength, but visited his place of business, with more or less regularity, with the aid of crutches. The firm was dissolved shortly after the accident, plaintiff purchasing the interest of the partner for $150, the partner also receiving a portion of the tools used in the business. Following the dissolution of the firm plaintiff employed a workman whom he paid $20 a week and had left from $10 to $15 weekly for himself, as the net earnings of his business.

Defendant objected to this testimony as proof of earning capacity, averring it permitted a plaintiff to show net profits derived from a business, contrary, as alleged, to the general rule of law heretofore laid down by this court. It is apparent, however, that returns from business, under the circumstances of this case, were not profits in a technical sense derived from investment of

capital, but were the direct result of the personal labor and skill of plaintiff in conducting his business. The capital invested was nominal merely and represented the purchase of tools and materials and also such fixtures as were necessary and incident to the employment. The income derived depended solely upon the use of the tools for the purpose intended and the element of personal labor and skill on part of plaintiff and his partner in performing the labor incident to the business. In other words, the income derived was substantially the fruit or reward of their labor, the price for services performed. This does not conflict with the general rule laid down in Goodhart v. Penna. R. R., 177 Pa. 1, 15, and followed in many subsequent cases, to the effect that loss of profits of a business cannot be considered as an element of damage, but is a well-known exception based on a recognition of the fact that in no other way can the earning power be shown of one engaged in a small business, requiring his entire time, labor and skill and having no earnings except those resulting from profits derived from such labor and skill, be shown: Boggess v. B. & O. R. R., 234 Pa. 379; Gilmore v. Phila. Rapid Transit Co., 253 Pa. 543, 550.

Objection is made to the admission in evidence of a table showing the present values of a fixed sum of money payable in weekly installments during a period of years from one to twenty-nine, the latter being the expectation of life of plaintiff according to the mortality tables. Appellant concedes tables of this character are competent in a proper case, in view of the language of this court in Seeherman v. Wilkes-Barre Co., 255 Pa. 11, 17, and the rulings in Fletcher v. Wilmington Steam Boat Co., 261 Pa. 1, 6. But it is argued that the principles stated in those decisions should be limited to total disability. No adequate reason is given for making the distinction suggested and on principle none appears to exist. In either case, the question to be answered is merely the present value of such sum of money as the jury may

award plaintiff, and the present value tables do not enter into the ascertainment of that sum, but are called into use after the amount of weekly, monthly or yearly loss, as the case may be, has been fixed from a consideration of the testimony. Unlike the mortality tables, the present value tables are not intended to establish expectancy of life; they are merely mathematical computations applicable in any case, after their accuracy and relevancy have been established, to aid the jury in making calculations they would otherwise be obliged to make for themselves, and, consequently, involving a tedious process. There is no difference in principle whether the injuries suffered by plaintiff resulted in a total or only partial impairment of his earning capacity. In either case the first question is the extent of loss of earning power resulting from the accident either weekly, monthly or yearly, as the case may be, the length of time the impairment will probably continue, and the depreciation of earnings by reason of advancing age and other matters proper to be considered; after this sum has been fixed, the present value tables may be resorted to for the purpose of making a mathematical calculation, based on expectancy of plaintiff's impairment, which may or may not be the full number of years allowed by the mortality tables, depending upon the condition of his health, his occupation, manner of living, etc. In Kerrigan v. Penna. R. R., 194 Pa. 98, the reason for excluding annuity tables was that they were based on the same theory as mortality tables, and represented the cost of purchasing an annuity of a stipulated amount, payable during the lifetime of a particular person and, in making up the table there necessarily entered into it a calculation of the element of expectancy of life of the annuitant in the same manner as the mortality tables. In the value table, offered in this case, there is no element of insurance or expectation of life, it merely sets out a mathematical calculation of the present values based upon the arbitrary sum of $100 per year.

Objection is also made to the remarks of counsel for plaintiff in his address to the jury, owing to inaccuracies in the use of figures based on the value tables, and used to illustrate the method of applying them.   Counsel stated the present value of $1,000 a year to be ten times the present value or $100 a year, or $975, and the present value for a period of ten years to be ten times the present value of the same amount for the period of one year. As a matter of fact, the present value of $100 for one year, according to the table, is $97.50, while the present value for ten years is $790.95.   There is no doubt as to the incorrectness of the illustration used by counsel; it is not apparent, however, that his mistake prejudiced defendant.   The jury had the table before them in their deliberations, the trial judge charged upon it with caution, and they could see for themselves, at a glance, the actual present value of $100 for a period of from one to twenty-nine years.   We find nothing in the record to indicate and there is no reason to believe they adopted the method used by counsel in his illustration, and multiplied the present value for one year by the number of years of plaintiff's expectation of life, since the table contained the figures already computed for any number of years they might find plaintiff would live.   The court stated, on a motion for a new trial, that the evidence justified a finding of total loss of earning power, and that the amount of the verdict was reasonable and fair under all the circumstances, and in view of the nature of plaintiff's injuries.   It does not appear, therefore, that defendant was harmed by the illustration given by counsel for plaintiff.   On this view of the case we deem it unnecessary to consider whether the remarks complained of were properly made a part of the record.

The judgment is affirmed.