No. 24,659.

MAMIE SHEPHERDSON, *Appellee*, v. LAURA STORRS, *Appellant*.

SYLLABUS BY THE COURT.

1. COLLISION—*Automobile and Buggy—Damages—Loss of Profits from Making and Selling Doughnuts.* Testimony of the plaintiff in a personal injury as to the profits she had been earning from making and selling doughnuts is admissible as bearing upon the question of her loss on account of the time taken from that business. And it is not error to allow her to testify to the amount of such profits without producing the books which she had kept.

2. SAME—*Negligence—Averments of Petition—Supported by Findings.* An allegation of the petition that an automobile collision was caused by the negligence of the defendant in violating an ordinance giving the driver to the right the right of way is supported by a finding that the negligence of the defendant consisted in not looking for approaching vehicles from the right at a street intersection. And such a finding is held to have been supported by the evidence in this case.

3. SAME—*Motion for New Trial—Newly Discovered Evidence.* The newly discovered evidence produced in support of a motion for a new trial is held not to be such as to require the reversal of the order denying that motion.

4. APPEAL—*Record of Proceedings—Not Supplemented by Affidavits Filed in this Court.* The rule is applied that the record of the proceedings in the trial court cannot be supplemented on appeal by affidavits filed here.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 7, 1923. Affirmed.

*Edwin D. McKeever, Arch M. McKeever,* and *Keene Saxon,* all of Topeka, for the appellant.

*S. L. Lashbrook, J. E. Addington,* and *Frank Doster,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: On May 21, 1921, an automobile driven by Laura Storrs ran into a buggy driven by Mamie Shepherdson at a street crossing. On October 8, 1921, the latter sued the former on account of injuries received, recovering a judgment for $850, from which the defendant appeals.

1. Complaint is made of the admission of testimony of the plaintiff that at the time of her injury she had been receiving a profit of about $6 a day from making and selling doughnuts. One objection urged is that the evidence is too remote and speculative to form a basis for damages in breaking up her business. In overruling this the trial court said the evidence was not offered for that purpose, but to show what she was earning. It was competent upon that theory. (*Railway Co. v. Scheinkoenig,* 62 Kan. 57, 61 Pac. 414; 17 C. J. 895; Note, 9 A. L. R. 510.) The objection is also made that it was not the best evidence inasmuch as the plaintiff said she had kept books of the business which were at her home, which she did not produce in court, and which were not called for. We see no basis for reversal in this aspect of the matter. (*Mensing v. Wright,* 86 Kan. 98, 119 Pac. 374.) The amount was offered as an estimate or approximation. In many of the cases collected in the note above cited, the plaintiff's earnings were shown without reference to books.

2. To a question calling for the basis of the defendant's liability the jury answered: "For negligence in not using proper precaution on entering the intersection of the street. She was not looking for approaching vehicles from the right or north, or she would have seen the horse and buggy." It is contended that this is outside of any negligence pleaded and is not supported by any evidence. Among other grounds of negligence set out in the petition was the "violation of the rules of the road, as defined in section 7, paragraph b, of the ordinances of the city of Topeka, being ordinance numbered 4664, approved September 8, 1916." Paragraph b of section 7 of that ordinance reads: "The ordinary rules of the road shall govern, and the driver to the right has the right of way." The plaintiff entered the intersection from the north, defendant from the east. The plaintiff therefore had the right of way, which implies that the primary obligation to prevent a collision was upon the defendant. If she did not look for a vehicle approaching from the north and this

caused the accident (as the jury found) she necessarily violated this obligation and the clause of the ordinance quoted.

There was substantial evidence to support the jury's finding in this regard. The defendant's explanation of the occurrence is that a large touring car with side curtains passed between her and the plaintiff's buggy, going south, cutting off her view until it was too late to avoid the collision. Several eye-witnesses corroborated her statement in this regard but others said they saw no such car, so that the matter was one for the determination of the jury. If no such obstruction to vision intervened it is obvious that the defendant failed to give the plaintiff the right of way.

3. Another complaint is of the overruling of a motion for a new trial on the ground of newly discovered evidence presented as showing that the amount of recovery was affected by the deliberate perjury of the plaintiff. At the trial the plaintiff introduced an X-ray picture taken November 7, 1921, showing among other things a small fragment broken from the head of the fibula or tibia, claiming that the fracture was caused by her having been thrown from the buggy to the pavement by the collision. The newly discovered evidence relied upon was presented by the affidavits of the two physicians to whom the plaintiff came for the X-ray examination. One of them, who took the picture, said that at the time she told him "she had had a recent injury by some kind of a fall." A claim had been made in behalf of the defendant that the appearance of the plaintiff's knee in November indicated that the injury was not received more than six or eight weeks before that. The plaintiff's reference to her injury as a "recent" one could hardly be regarded as an admission by her that it was not six months old. And a statement by her that it was caused by "some kind of a fall" would not be inconsistent with her testimony. This affidavit therefore affords no substantial basis for setting aside the verdict. That of the other doctor set out that to the best of his recollection the plaintiff "stated she had received the injury from falling down some steps or something of that kind." This new evidence is quite indefinite and we cannot say that the trial judge, who had heard the oral testimony of the plaintiff and was in a better position than this court to judge of her truthfulness and of the probable effect of the new evidence upon the jury, erred in finding it insufficient to require a new trial. Both the X-ray specialists mention that no history of the case was asked for, because that was not necessary in order to

make the picture, and there is always room for a misapprehension of the effect of mere causal remarks having no bearing upon any action to be taken. The present suit was pending when the picture was made. The defendant's theory is that it is a deliberate "frame-up" by the plaintiff. If she is wholly without conscientious scruples it seems quite unlikely that after suing for fictitious injuries she would volunteer the information that one of her objective symptoms was due to a cause not connected with the collision.

4. Another question with respect to the overruling of the new trial is undertaken to be presented by an affidavit of matters not shown by the record and not presented to the trial court, which cannot be made the basis of action here.

The judgment is affirmed.