# Murphy v. Pittsburgh Railways Co., Appellant.

*Negligence—Damages—Earning power.*

Compensation for loss of earning power, should, as far as possible, be limited to earnings which are the result of personal effort, physical or mental.

Argued September 29, 1927.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 147, March T., 1927, by defendant, from judgment of C. P. Allegheny Co., April T., 1924, No. 1201, on verdict for plaintiff, in case of Edward T. Murphy v. Pittsburgh Railways Co.   Affirmed.

Trespass for personal injuries.   Before McVICAR, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $10,000.   Defendant appealed.

*Errors assigned* were excerpts from the charge, quoting them.

*William A. Challener,* for appellant.—The charge allowed the jury to duplicate plaintiff's damages; this was error: McKenna v. Gas Co., 198 Pa. 31; Zimmerman v. Weinroth, 272 Pa. 537; Trout v. R. R., 66 Pa. Superior Ct. 330.

*Robert T. Reineman,* for appellee.—The theory of plaintiff, with respect to damages, is in accord with the rule laid down by this court: Gilmore v. R. R., 253 Pa. 543; Baxter v. R. R., 264 Pa. 467, and Dempsey v. Scranton, 264 Pa. 495.

OPINION BY MR. JUSTICE KEPHART, November 28, 1927:

Plaintiff sued for injuries received while driving his motor truck, which collided with defendant's trolley

car. Appellant complains that the charge permitted a duplication of plaintiff's damages and allowed the jury to assess damages, not only for expense incurred by him in employing another man as a truck driver, but also for loss of plaintiff's earning power, as to which there was no proper or sufficient evidence. It is contended plaintiff did not offer any evidence as to the extent of his business before or after the accident; he did not show how much money he had invested in it, nor what his services were worth, nor what the services of another person performing a like or similar duty were worth. Defendant's theory as to the measure of damages cannot be sustained, nor was there any duplication of damages.

Plaintiff had been conducting the motor truck business of hauling, using a number of horses and wagons, three motor trucks, and employed a number of men. He drove one of his trucks every day. Since the time of the accident, a period of over five years, he has not been able to drive the truck and has been compelled to hire an extra man to do that work. This was an additional expense placed on him because of the injury received at appellant's hands. There was no effort to prove the loss of profits or earning power as rated by any portion of the gain which came from the business. Plaintiff, while conducting the business, performed the services of one of his employees in driving the truck, and showed what the services of another performing that duty were worth. He was totally disabled and claimed compensation for the loss of this earning power. While it might be said that the employment necessitated an additional expense, the question submitted to the jury was the loss of earning power. He could not recover for both, nor did the instructions permit such verdict.

The charge of the court below reads: "There are three items of damages for your consideration, if the plaintiff is entitled to recover. First, the expenditures......for doctors......The next item......is whether the earn-

ing power of the plaintiff was impaired......Coming back to the question of what was his earning power at the time of the accident, you heard his own evidence as to what he did then, and as to what the condition of his health was. You would next determine whether that earning power was impaired by reason of the accident and how far did the injuries he received, if any, affect that earning power. (In that connection you should bear in mind his duty to undergo a surgical operation under the rule which I have given you, providing the facts apply that rule to this case, and providing you so find the facts.) You will also bear in mind the testimony of the plaintiff to the effect that prior to this accident he ran the motor truck himself, and looked after his business of hauling and excavating, and so forth. He. claims that after the accident he was not able to run the motor truck, that he tried to do it several times and had to give it up after working for an hour or so. He testified that he has an office at his home, where he receives telephone calls, and that he goes out to places where he is called upon to look after contracts, and does other things of that kind. He also says that he has been paying a man $5 a day to run his truck, doing work which he himself is unable to do. He says this man works five or six days a week." It is evident the court intended to measure the loss of plaintiff's earning power by the value of the services performed before the injury. The instructions did not permit the jury to assess a sum which would compensate him for what he was paying a truck driver to take his place and also give him additional compensation for the loss of earning power measured by the same expense. The rule as to the measure of damages for loss of earning power has been variously stated by this court: "The value of earning power contemplated is that resulting from the intellectual or bodily labor of the injured party in his business or profession. Profits derived from invested capital or the labor of others are clearly excluded......Strictly

speaking, compensation for the loss of earning power, as far as possible, should be limited to earnings which are the result of personal effort, either physical or mental": Baxter v. P. & R. Ry. Co., 264 Pa. 467, 472.

Income or profits derived from a business requiring the investment of substantial capital, or in which the injured person is engaged with others, or where he employs the labor of others, cannot be accepted as the measure of earning capacity. In the latter case the measure of loss is the value of plaintiff's services to the business: Dempsey v. Scranton, 264 Pa. 495, 503. See also Gilmore v. Phila. R. T. Co., 253 Pa. 543.

Plaintiff proved the amount he was compelled to pay to another man to do work he himself had done before the accident. His own services may have been worth more to the business, but this evidence was sufficient for the jury to determine this loss of earning power, and, as he asked for no other earning power, the appellant should not complain. Had the court permitted the jury to assess both the amount paid the employee as an additional expense, and also as measuring appellee's earning power, it clearly would have committed error; but that is not this case.

Judgment affirmed at cost of appellant.