Gentile, Appellant, v. McLaughlin.

490

Argued October 10, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige and Parker, JJ.

*James F. Masterson,* for appellant.

*Harold B. Beitler,* for appellee.

Opinion by Trexler, P. J., January 25, 1933:

The plaintiff while propelling a pushcart was struck by an automobile driven and owned by the defendant. The particulars of the accident are of no moment in the present inquiry. The plaintiff recovered a verdict but not being satisfied with the amount asked for a new trial giving as a reason that the court erred in several instances during the progress of the trial.

Plaintiff's counsel asked the son-in-law who lived with the plaintiff "what do your records show was the amount of milk purchased by your father for the weeks preceding his accident and injury?" Objection was made which the court sustained. The plaintiff

then submitted the following offer of proof, which was also refused: "Mr. Masterson: I offer to prove by the witness that weekly a certain amount of milk was purchased; that of that milk that was purchased, it was turned into cheese by manufacture; I offer to show the price paid for the milk; I offer to show the amount of cheese manufactured, the amount of money that was obtained from the sale of the cheese; and I offer to show the records showing the profits that were made in the business weekly preceding the accident." We think the court properly refused to admit the testimony. The plaintiff conducted for nine years a store at 1152 South Seventh Street in which he sold a general line of groceries and manufactured in connection with the business during the winter months cheese, sausages and "other things like that," and delivered some of these products, "on order," on a pushcart. The plaintiff testified that since the accident his wife took care of the cheese business. He did not hire a man to take his place as such a man "could not have made these cheeses as I make them." He had a son, however, who did make a few cheeses, and some of his cheeses were sold. It is very evident that the making and selling of the cheeses was but *a part* of plaintiff's activities. His business was keeping a general store. We see no reason why this particular item relating to the manufacturing and selling of cheeses should be selected as the basis for proving plaintiff's loss. It would seem that the proper way, as the lower court indicated, was to show what it would cost to hire a man to take his place in the store. There was substantial capital invested in the grocery business.

It would be a difficult matter to split the different activities of the plaintiff, the profits on the invested capital in the store from the labor and capital required to run the cheese department, Baxter v. Phila. & Reading R. Rwy. Co., 264 Pa. 467, 107 Atl. 881; Perry

v. Ryback, 302 Pa. 559, 567, 153 Atl. 770; and we might add the apportionment of the overhead might be a factor. It does not appear that the plaintiff was disassociated with all the other activities in the store for he delivered various articles to the customers, and the pushcart which was overturned at the time of the accident contained not only cheese, but sausages and eggs.

We must start out with the general rule as stated in Goodhart v. Penna. R. R. Co., 177 Pa. 1, 35 Atl. 191; "that the profits derived from a business enterprise are not earnings." There are exceptional cases where the rule has been departed from owing to the difficulty in such cases of proving earnings in any other way. Gilmore v. Phila. R. T. Co., 253 Pa. 543, 98 Atl. 698; Murphy v. Pittsburgh Rwys. Co., 292 Pa. 191, 140 Atl. 897. If the entire time of the plaintiff had been employed in the making and selling of cheese, said business merely requiring nominal capital and being carried on in a small way, and he had no other earning capacity except that resulting from the carrying on of such an enterprise his decreased earning might be shown by the results coming out of the business before and after the injury. Faber v. Gimbel Brothers, 264 Pa. 1, 107 Atl. 222; and Pietro v. Phila. R. T. Co., 298 Pa. 423, and cases cited therein, p. 430, 148 Atl. 520. The plaintiff has not shown any facts which would bring him under the cases last above referred to. We conclude that the court was right in overruling the offer of proof, above quoted.

Another assignment is to the portion of the judge's charge where he stated that there was a doctor who examined the plaintiff and discovered that he had distention of the abdomen. Plaintiff's attorney suggested that there were three doctors who so testified. The objection is trivial. The judge evidently referred to the doctor who *first* noticed the distention for im-

mediately thereafter in further reference to the trouble he stated that "they attributed it to an enlargement of the stomach." In the other assignment to the judge's charge exception is taken to the comment of the court that the plaintiff's "sugar count" returned to normal without reference being made to the medication which brought it back. We see no merit in this.

We have covered all the matters raised by the assignments without particular reference to each one. They are all overruled. Judgment is affirmed.