No. 46,873

George T. Hibler, *Appellant*, v. Ray Nordyke, *Appellee.*

(512 P. 2d 485)

Opinion
filed July 14, 1973.

*Gwinn G. Shell*, of Garnett, argued the cause and was on the brief for the appellant.

*Richard O. Skoog*, of Ottawa, argued the cause, and *R. Michael Latimer*, also of Ottawa, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: Plaintiff-appellant brought this action to recover for personal injuries arising from a pedestrian-car accident at a cross-walk in Ottawa, Kansas. Plaintiff, the pedestrian, sued for $9,500.00. Defendant contended the brakes on his car failed as he attempted to stop at a stop sign. Although no journal entry of judgment or verdict of the jury is included in the record on appeal we are informed by the parties that a trial resulted in a general jury verdict for $1,596.65.

On appeal the plaintiff makes the single contention that the trial court erred in not permitting plaintiff to introduce evidence to establish loss of earning capacity. The plaintiff was engaged in selling match books, stationery, ball-point pens, yardsticks and other novelties. The record indicates some evidence was admitted as to gross commissions previously earned together with testimony by plaintiff that his traveling expenses "ran right at $8 a day."

Where, as here, the business does not rest upon the investment of substantial amounts of capital or upon the labor of others but involves only the personal endeavors of the injured claimant, the decline in profits following the injury is one measure of the earning ability of the plaintiff and evidence of such loss of income is admissible if it meets the test of reasonable certainty. (*Railway Co. v. McLaughlin*, 73 Kan. 248, 259, 84 Pac. 989; *Shepherdson v. Storrs*, 114 Kan. 148, 217 Pac. 290; Annotation 45 A. L. R. 3d 345, 352.)

It is not clear from the record presented in this court just what was the nature or prejudicial effect of the limitations placed by the trial court upon the personal testimony of plaintiff regarding his prior earnings.

In *Lightcap v. Mettling,* 196 Kan. 124, 409 P. 2d 792, it is said:

"K. S. A. 60-261 provides that no error in either the admission or exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court, or by any of the parties, is ground for granting a new trial or for setting aside a verdict or otherwise disturbing a judgment, unless refusal to take such action appears to the court inconsistent with substantial justice. The section further admonishes a trial court to disregard any error or defect in the proceeding which does not effect the substantial rights of the parties.

"K. S. A. 60-2105 long has been the law of this state (see G. S. 1949, 60-3317), and directs that on appeal this court is to disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears from the whole record that substantial justice has been done by the judgment of the trial court." (p. 128.)

After carefully examining the abbreviated record provided on appeal this court finds no error has been shown inconsistent with substantial justice or which has prejudicially affected the substantial rights of the plaintiff.

The judgment is affirmed.