JACKIE W. GRIFFIN v. STARLITE DISCO, INC., A CORPORATION, AND WADE REECE, AN INDIVIDUAL

No. 8030SC24

(Filed 7 October 1980)

1. Assault and Battery § 3.1– summary of evidence in instructions – no error

In an action to recover for injuries sustained by plaintiff in an assault, the trial court did not err in summarizing the evidence; the court positively charged the jury that it was their duty to determine what the evidence showed and if defendants were not satisfied with the summary of the evidence, they had an affirmative duty to make timely objection; and the fact that the jury returned to the courtroom and asked one question with respect to the evidence allegedly improperly summarized did not indicate that the jury was confused on the issue.

2. **Assault and Battery § 2– self-defense – instructions proper**

In an action to recover for injuries sustained by plaintiff in an assault, the trial court properly instructed on self-defense where he plainly told the jury that if the circumstances at the time defendant acted "were such as would create in the mind of a person of ordinary firmness a reasonable belief" that defendant's actions were necessary to protect himself from bodily injury or offensive contact and that defendant had such a belief, then defendant would not be liable to plaintiff, and where the court instructed that self-defense was a defense only if defendant was not the aggressor, or if defendant voluntarily entered into the fight, he was the aggressor, or unless he thereafter attempted to abandon the fight and gave notice to plaintiff that he was doing so.

3. **Damages § 17.7– punitive damages – instructions proper**

In an action to recover for injuries sustained in an assault, evidence was sufficient to support the trial court's instructions on punitive damages.

4. **Damages § 17.5– loss of earnings and profits – instructions proper**

In an action to recover for injuries sustained in an assault, the trial court properly instructed on damages for loss of profits, since plaintiff's business was small; the income produced was largely due to the personal services and attention of plaintiff; and the earnings of the business could therefore afford a reasonable basis in establishing plaintiff's loss of earnings.

APPEAL by defendants from *Ferrell, Judge.* Judgment entered 18 September 1979 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 26 August 1980, at Waynesville, North Carolina.

Plaintiff brought this action for compensatory and punitive damages resulting from an alleged assault upon him by defendant Wade Reece. Defendants stipulated that on the occasion alleged Wade Reece was an agent of defendant Starlite Disco, Inc.

Plaintiff's evidence showed that on 25 March 1977 he was self-employed in the automobile body repair and paint business. He had one employee, Harry Jordan, and "after taxes and everything was taken out," plaintiff received an income of about $150 a week. On this day, Jordan asked plaintiff to go with him to the Starlite Disco to look for Jordan's wife. They arrived at the disco about 7:15 p.m., went inside, and plaintiff requested a lady at the desk to page Jordan's wife. She agreed to do so and told him he would have to wait outside. Two off-duty officers, Brown and McClure, as well as defendant Reece, were there in the area when he was asked to wait outside. As plaintiff turned

to leave, he saw Reece's fist come toward him, and he was hit in the face. The next thing plaintiff remembered was waking up the next day in the hospital where he remained four days. He incurred a $708.55 hospital bill and a $290 doctor bill. He was unable to work for four weeks, and his income for the following two weeks was less than usual. Plaintiff still suffers from the injuries he sustained.

Defendants' evidence showed that the incident occurred outside the disco building at approximately 10:00 p.m. Reece had to escort Jordan and plaintiff outside the building. As he did so both jerked away from him, and plaintiff said he was going to cut him. Plaintiff and Jordan "went for their knives at the same time in a hurried fashion," although Reece did not see a knife. He hit plaintiff at that time, and plaintiff fell. The police got a knife out of the pockets of both plaintiff and Jordan. The off-duty officers testified the event occurred outside and that they were not present.

The jury answered the issues in favor of plaintiff and defendants appeal.

*Stephen J. Martin for plaintiff appellee.*

*Morris, Golding, Blue & Phillips, by James N. Golding, for defendant appellants.*

MARTIN (Harry C.), Judge.

[1] Appellants argue that the trial court committed prejudicial error in its charge, requiring a new trial. They contend the court instructed the jury that it was Harry Jordan, rather than the plaintiff, who threatened to cut defendant Reece. The challenged portion of the charge was a part of the court's summary of the evidence. The pertinent part follows:

> [T]he defendants, as the Court recalls, offered evidence which they, the defendants, contend tends to show . . . that he, the defendant, Reece, escorted Jordan out the front door, and that he then escorted the plaintiff out the door; that the defendant, Reece, was told to take his hands off Jordan, that he'd cut him; that the plaintiff put his hand in his pocket as if to reach for a knife and that Reece struck him with his hand, . . .

. . . What, if anything, the evidence shows is for you, the jury, to say and determine.

The quoted part of the charge clearly shows that the court instructed only that the threat to Reece had been made, not who made the threat. Although the court was careful to leave it to the jury to determine who made the threat to Reece, the immediately following phrase "that the plaintiff put his hand in his pocket as if to reach for a knife," indicates that it was the plaintiff, and not Jordan, who made the threat.

We hold the court did not err in the challenged summary of the evidence. In any event, the court positively charged the jury that it was their duty to determine what the evidence showed, and if defendants were not satisfied with the summary of the evidence, they had an affirmative duty to make timely objection. *State v. Sanders*, 276 N.C. 598, 174 S.E. 2d 487 (1970), *rev'd death penalty*, 403 U.S. 948, 29 L. Ed. 2d 860 (1971). Defendants failed to so do, although specifically invited by the trial court, and they are now precluded from assigning this as error. *Id.* Counsel make the specious argument that to call the court's attention to the alleged error in the presence of the jury would exacerbate the matter. It might so result, but counsel well know such matters are discussed in the absence of the jury. Defendants further contend that the jury was confused over this issue and returned to the courtroom to ask a question. The jury inquired who was present when the threat was made and where they were located at that time. The jury did not inquire as to who made the threat to Reece. After telling the jury that the court reporter could not read the testimony to the jury, the court asked the jury if there were other questions, and the foreman replied, "No, there is no other question." Clearly, the jury only requested who was present when the threat was made and their location. There is no indication that the jury was confused about the issue. The court properly denied defendants' motion for mistrial.

[2] Defendants complain of the court's charge on self-defense. We find no error in these instructions. The court plainly told the jury that if the circumstances at the time defendant acted "were such as would create in the mind of a person of ordinary firmness a reasonable belief" that defendant Reece's actions were necessary to protect himself from bodily injury or offen-

sive contact and that Reece had such a belief, then defendants would not be liable to plaintiff. The jury was further charged that self-defense was a defense only if defendant Reece was not the aggressor, or if defendant Reece voluntarily entered into the fight, he was the aggressor, or unless he thereafter attempted to abandon the fight and gave notice to plaintiff that he was doing so. Defendants contend the trial court's use of the word "or" between these phrases confused the jury on these instructions and was error. We do not so find. Although not presented in the most precise language possible, we cannot hold the charge to be prejudicial error. Whether defendant Reece was the aggressor depends upon the surrounding facts and circumstances, and not on his simple belief. If Reece voluntarily entered into the fight, he was the aggressor. *State v. Randolph,* 228 N.C. 228, 45 S.E. 2d 132 (1947); *State v. Crisp,* 170 N.C. 785, 87 S.E. 511 (1916). Actually the charge was more favorable to defendants than the evidence supported, as there was no evidence that Reece attempted to abandon the conflict. We find no prejudicial error in the court's charge on self-defense.

[3] Defendants contend the court erred in its charge to the jury concerning punitive damages. Punitive damages may be awarded where plaintiff alleges and proves he was wantonly assaulted by an agent of a corporation acting in the course of his employment, or assaulted in a willful, wanton, or malicious manner. *Clemmons v. Insurance Co.,* 274 N.C. 416, 163 S.E. 2d 761 (1968). The trial court's instructions are almost identical to that quoted in *Blackwood v. Cates,* 297 N.C. 163, 254 S.E. 2d 7 (1979). Certainly, defendant Reece's conduct in assaulting plaintiff, as found by the jury, was sufficiently outrageous to warrant submitting the issue of punitive damages. The assignment of error is without merit.

[4] Last, defendants argue the evidence does not support an instruction with respect to damages for loss of profits. The trial court charged the jury:

Damages, members of the jury, for personal injury include such amount as you find by the greater weight of the evidence as fair compensation to the plaintiff for loss of time or loss from inability to perform ordinary labor which are the immediate and necessary consequences of the injury. In determining this amount you are to consider the

evidence as to the plaintiff's age and occupation and nature and extent of his employment; the value of his services; the amount of his income at the time of his injury; for loss of profits from a business occupation.

The evidence supporting this instruction follows:

I presently do paint and body work for a living. On the 25th day of March, 1977, I was painting a car for a living. Yes, sir, I own my own shop. My shop is located up there at Hazelwood, at Five Points, back of Charlie's Shell. Yes, sir, I have employees. I had Harry Jordan. Just one. Yes, sir, that was my sole employee. . . .

. . . .

I was recuperating in my home, where I could not work, three to four weeks. I worked six days a week at my job. As a result of that injury I missed approximately 4 weeks from my job. I was receiving around a Hundred and fifty a week weekly income from my job while I was working. That was after taxes and everything was taken out. Yes, sir, my take-home was approximately a Hundred and fifty dollars a week. No, sir, I did not receive any pay during the approximately 4-week period that I did not work. Yes, sir, I returned to work after that 4-week period. Yes, sir, I returned to the same place of business. My approximate income the week I returned was about Fifty dollars that week. It was approximately, about 2 weeks, before my income returned to the estimated One Hundred and fifty dollars a week level.

This evidence supports the inference that the $150 income that plaintiff received weekly was profit from the operation of his automobile body shop. The $150 was "after taxes and everything was taken out." "Everything" would include wages to Harry Jordan, his employee, costs of materials and supplies, utilities, licenses and other expenses, leaving plaintiff's profit of $150 per week. Where plaintiff's business is small and the income produced is largely due to the personal services and attention of the owner, the earnings of the business may afford a reasonable basis in establishing plaintiff's loss of earnings. *Smith v. Corsat*, 260 N.C. 92, 131 S.E. 2d 894 (1963). Plaintiff's business comes within this rule. We do not perceive any prejudicial error to defendants in the charge.

The evidence in this case was sharply divided; the twelve have resolved the dispute, and defendants received a fair trial free of prejudicial error.

No error.

Chief Judge Morris and Judge Clark concur.